**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| FOX ROTHSCHILD LLP, a Pennsylvania Limited Liability Partnership, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N19C-01-242 EMD |
| KENNETH YOUNG, | ) ) | |
| Defendant. | ) ) | |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT ON COUNT I OF ITS COMPLAINT AND DEFENDANT'S AFFIRMATIVE DEFENSES**

Upon consideration of the Plaintiff's Motion for Summary Judgment on Count I of Its Complaint and Defendant's Affirmative Defenses (the "Motion") filed by Plaintiff Fox Rothschild LLP ("Fox Rothschild"); Defendant's Response to Motion for Summary Judgment on Count I of Its Complaint and Defendant's Affirmative Defenses (the "Response") filed by Defendant Kenneth Young; and the entire docket of this civil action,

1.     On July 3, 2020, Fox Rothschild filed the Motion. The Motion seeks summary judgment on Count I of the Complaint and the affirmative defenses asserted by Mr. Young. Fox Rothschild contends that there is no genuine issue as to any material fact and that Fox Rothschild is entitled to a judgment as a matter of law for the breach of contract (Count I). The Contract is an engagement agreement for legal services (the "Agreement")[1] between Mr. Young and Fox Rothschild. Fox Rothschild notes that Mr. Young admitted in his answer and in his deposition to the existence of the Agreement. In addition, Fox Rothschild contends that Mr. Young acknowledged that services were rendered. Moreover, Fox Rothschild notes that Mr. Young

---

[1] Mot., Rushdan Aff. at Ex. A.

failed to raise any objection in writing Fox Rothschild's invoices within fifteen (15) days after submission as required by the Agreement.

2.     Mr. Young opposes the Motion. Mr. Young makes three arguments. First, Mr. Young contends summary judgment would be premature because he has not completed discovery. Second, Mr. Young argues that there is a factual dispute as the amount and reasonableness of the fees billed under the Agreement. Mr. Young concedes "he is liable for services actually rendered."[2] Third, Mr. Young claims that he has facts supporting affirmative defenses on a compromise on amounts owed under the Agreement (what he calls an "accord and satisfaction") and a need to mitigate.

3.     The original TSO set the discovery deadline for May 15, 2020. By motion, Mr. Young sought to extend the discovery deadline. Mr. Young filed that motion after Fox Rothschild filed the Motion and after the initial discovery deadline expired. After a hearing, the Court denied Mr. Young's motion extend the discovery deadline by an Order entered on August 10, 2020.[3]

4.     The standard of review on a motion for summary judgment is well-settled. The Court's principal function when considering a motion for summary judgment is to examine the record to determine whether genuine issues of material fact exist, "but not to decide such issues."[4]

5.     Summary judgment will be granted if, after viewing the record in a light most favorable to a nonmoving party, no genuine issues of material fact exist and the moving party is

---

[2] Resp. at ¶ 20.
[3] D.I. No. 46.
[4] *Merrill v. Crothall-American Inc.*, 606 A.2d 96, 99-100 (Del. 1992) (internal citations omitted); *Oliver B. Cannon & Sons, Inc. v. Dorr-Oliver, Inc.*, 312 A.2d 322, 325 (Del. Super. 1973).

2

entitled to judgment as a matter of law.[5] If, however, the record reveals that material facts are in dispute, or if the factual record has not been developed thoroughly enough to allow the Court to apply the law to the factual record, then summary judgment will not be granted.[6]

6. The moving party bears the initial burden of demonstrating that the undisputed facts support his claims or defenses.[7] If the motion is properly supported, then the burden shifts to the non-moving party to demonstrate that there are material issues of fact for the resolution by the ultimate fact-finder.[8]

7. After reviewing the Motion, the Court finds that Fox Rothschild has met its initial burden of demonstrating cause for the relief requested. The Court will grant judgment on the issue of liability on Count I in favor of Fox Rothschild. The Court finds that Fox Rothschild has met its burden on demonstrating a legally binding contract—the Agreement—and that Mr. Young breached the Agreement. Mr. Young concedes these points in the Response. Mr. Young may be confused as to the amount and seems to argue that some fees may not have been necessary but he has failed to demonstrate that he does not owe anything under the Agreement.

8. The only open issue is the amount of damages. The Court finds that there is a factual dispute here. Fox Rothschild submitted true and correct copies of the Agreement and Mr. Young's deposition. Fox Rothschild did not file documents or affidavits in support of the amount owed and unpaid under the Agreement. Fox Rothschild seems to rely on the $46,443.41 asserted in Complaint paragraphs 8, 12, 16-18 and the fact that Mr. Young failed to timely object to the invoices once provided. Mr. Young disputed the amounts owed in his deposition. The

---

[5] *Id.*

[6] *See Ebersole v. Lowengrub*, 180 A.2d 467, 470 (Del. 1962); *see also Cook v. City of Harrington*, 1990 WL 35244 at *3 (Del. Super. Feb. 22, 1990) (citing *Ebersole*, 180 A.2d at 467) ("Summary judgment will not be granted under any circumstances when the record indicates . . . that it is desirable to inquire more thoroughly into the facts in order to clarify the application of law to the circumstances.").

[7] *See Moore v. Sizemore*, 405 A.2d 679, 680 (Del. 1970) (citing *Ebersole*, 180 A.2d at 470).

[8] *See Brzoska v. Olsen*, 668 A.2d 1355, 1364 (Del. 1995).

Court is not saying that Fox Rothschild's Agreement paragraph 2 argument is not valid but, rather, that the Court needs supporting evidence beyond the Complaint on damages. Without more, the Court is unable make a finding as to the actual amount owed. As such, the Court will grant summary judgment on Count I on liability but will not grant summary judgment on the amount of damages.

9. The Court will grant summary judgment as to Mr. Young's following affirmative defenses: (i) failure to state a claim upon which relief can be granted; and (ii) that the claims are barred by the statute of limitations, waiver, estoppel, laches or unclean hands. Mr. Young has not come forward with any evidence supporting these defenses. No facts were alleged in Mr. Young's answer to support these affirmative defenses and no evidence was provided in the Response. As for affirmative defenses relating to "accord and satisfaction" and failure to mitigate, the Court sees these defenses as poorly plead and not true to their legal meaning but more as defenses to the liquidated amount owed. As such, the Court will allow them to go forward.

**IT IS HEREBY ORDERED** that the Motion is **GRANTED in part and DENIED in part** as set forth above; and

**IT IS HEREBY FURTHER ORDERED** that the Court will limit the issues at trial to the amount, if any, of damages (including attorneys' fees and cost incurred by Fox Rothschild in this civil action per Agreement paragraph 7) owed under the Agreement.

December 29, 2020
Wilmington, Delaware

/s/ Eric M. Davis
Eric M. Davis, Judge

cc:     File&ServeXpress

4